■ In the Matter of CHARNILLE. DENYSE D., Appellant. [613 NYS2d 946] —In an adoption proceeding, the petitioner appeals from an order of the Family Court, Westchester County (Scancarelli, J.), dated March 30, 1993, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The petitioner, a New Jersey resident who works in New

York, brought this proceeding to adopt the infant Charnille, who has resided with her in foster care (first in New York and then in New Jersey), since November 1987, when Charnille was six months old. Charnille had been remanded to the custody of the New York City Commissioner of Social Services by the Family Court, and the Commissioner had transferred Charnille to the Leake and Watts Children's Home (hereinafter the authorized agency), in Westchester County, for foster care. The parental rights of Charnille's biological parents were subsequently terminated on the ground of abandonment, pursuant to Social Services Law § 384-b.

In support of the adoption petition, the petitioner submitted reports from the New York State Central Register of Child Abuse and Maltreatment and from the New York State Division of Criminal Justice Services (see, Domestic Relations Law § 112 [2], [7]; 22 NYCRR 205.58), which indicated that there were no reports in New York of any criminal activity, child abuse, or child maltreatment by the petitioner. However, the petitioner could not obtain similar reports from New Jersey, since New Jersey refused to release this information to anyone except its own agencies. In view of the petitioner's failure to submit these reports from the State of New Jersey, the Family Court denied the adoption petition and dismissed the proceeding.

We disagree with the Family Court and accordingly reinstate the adoption petition.

The instant adoption proceeding was properly commenced in the Family Court, Westchester County, since the authorized agency has its principal office in that county (see, Domestic Relations Law § 113). Under these circumstances, the plain language of both Domestic Relations Law § 112 (2) and (7), and 22 NYCRR 205.58 indicates that the requisite reports are those under the control of the appropriate New York agencies (see generally, Prego v City of New York, 147 AD2d 165; McKinney's Cons Laws of NY, Book 1, Statutes § 363).

We agree with the Family Court that the absence of relevant reports from the adopting parent's home State, may, in certain situations, hinder the Family Court in making a thorough determination as to whether the adoption is in the best interests of the child (see, Domestic Relations Law § 114), and that this problem is one which our State Legislature, and perhaps the United States Congress, should address. Nevertheless, the absence of the New Jersey reports in this particular proceeding cannot be considered an insurmountable obstacle

to a best-interests determination. The record herein indicates that the authorized agency continued to monitor the petitioner and Charnille and found that they had a stable and loving relationship. A social worker and a nurse from the authorized agency visited the petitioner's home monthly and the social worker visited Charnille's school three or four times a year. They found no indication of child abuse. Charnille enjoys excellent physical health, despite medical problems at birth, receives regular medical check-ups at the authorized agency's clinic, and resides in a well-maintained and nicely furnished apartment. The record also indicates that Charnille interacts well with the petitioner's large family, enjoys school, and attends plays, outings, and church. In sum, there is ample evidence in this record for the Family Court to make a best interests of the child determination concerning the proposed adoption despite the absence of the New Jersey records. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.