■ In the Matter of ANTOINE. ROSE D., Appellant. [616 NYS2d 635] —In an adoption proceeding, the petitioner appeals from an order of the Family Court, Westchester County (Scancarelli, J.), dated March 30, 1993, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The petitioner, a New Jersey resident, brought this proceeding to adopt the infant Antoine, who has resided with her in foster care (first in New York and then in New Jersey), since December 1985, when Antoine was approximately 19 months old. Antoine had been remanded to the custody of the New York City Commissioner of Social Services by the Family Court, and the Commissioner transferred Antoine to the Leake & Watts Children's Home (hereinafter the authorized agency), in Westchester County, for foster care. In 1990, after Antoine's biological mother died, the Family Court transferred permanent custody of Antoine to the New York City Commissioner of Social Services and the authorized agency, so that Antoine could be adopted.

In support of the adoption petition, the petitioner submitted reports from the New York State Central Register of Child Abuse and Maltreatment and the New York State Division of Criminal Justice Services *(see,* Domestic Relations Law § 112 [2], [7]; 22 NYCRR 205.58), which indicated that there were no reports in New York of any criminal activity, child abuse, or child maltreatment by the petitioner. However, the petitioner could not obtain similar reports from New Jersey, since New Jersey refused to release this information to anyone except its own State agencies. In view of the petitioner's failure to submit these reports from the State of New Jersey, the Family Court denied the adoption petition and dismissed the proceeding.

We disagree with the Family Court, and accordingly reinstate the adoption petition. The instant adoption petition was properly commenced in the Family Court, Westchester County, since that authorized agency has its principal office in that county *(see,* Domestic Relations Law § 113). As we have recently held in *Matter of Charnille,* 206 AD2d 423), the plain language of both Domestic Relations Law § 112 (2), (7), and 22 NYCRR 205.58 indicates that the requisite reports are those under the control of the appropriate State agencies. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.