■ In the Matter of the Adoption of DEBONY B., an Infant. MAZIE W.-B. et al., Appellants. [632 NYS2d 121] —Order of the Family Court, Bronx County (Susan Larabee, J.), entered on or about June 15, 1994, which dismissed a petition for adoption, is unanimously reversed, on the law, without costs or disbursements, the petition reinstated and the matter remanded to the Bronx Family Court.

Debony B. was born on October 14, 1989. On October 26, 1990, after the Commissioner of Social Services of the City of New York transferred custodial responsibilities for the child to Family Support Services Systems Unlimited (Family Support), an authorized agency having its principal office in the Bronx, Debony was placed with petitioners, Mrs. W.-B., her maternal grandmother and Mr. B., her step-grandfather. On June 10, 1992, the biological mother executed a judicial surrender relinquishing guardianship and custody of Debony to the Commissioner for the purpose of adoption. The child's biological father is unknown.

Thereafter, petitioners and Debony moved to Florida. Family Support sought approval of the move through the Interstate Compact on the Placement of Children, and after evaluating petitioners' and Debony's living conditions, the Deputy Compact Administrator for Florida approved the move on March 12, 1993.

In pursuing Debony's adoption, the petitioners executed and the New York State Department of Social Services approved their application for adoption subsidy and entered into an agreement. The Commissioner transferred legal custody of Debony to Family Support which, in turn, secured clearance of petitioners from New York and Florida. Petitioners executed an adoption petition and Family Support executed an Agreement of Adoption and Consent and Verified Schedule. These, besides documents verifying petitioners' marital status and

updated medical reports for themselves and Debony, were filed with the Bronx Family Court, and the matter calendared for June 15, 1994. The Family Court dismissed the petition on that date holding that Florida had a greater public policy interest than New York and that petitioners should file for adoption in the former State.

Domestic Relations Law § 113 provides, in pertinent part:

"An authorized agency may consent to the adoption of a minor whose custody and guardianship has [sic] been transferred to such agency. * * *

"The agreement of adoption shall be executed by such authorized agency. The proceeding shall be instituted in the county where the adoptive parents reside or, if *such adoptive parents do not reside in this state, in the county where such authorized agency has its principal office."* (§ 113 [1], [3]; emphasis added.)

Accordingly, the statute clearly contemplates the situation where the adoptive child resides with adoptive parents out of this State, and the instant adoption proceeding was properly commenced in the Family Court, Bronx County, since "the authorized agency has its principal office in that county" (*Matter of Charnille*, 206 AD2d 423, 424 [where child resided with petitioner in New Jersey, adoption proceeding properly brought in Westchester County where the authorized agency had its principal office]). Since the authorized agency Family Support had its principal office in the Bronx, the Family Court did have jurisdiction over the adoption and, therefore, improperly dismissed the petition. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.